

# NUMBER 13-14-00483-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RANDALL LEE BENNETT,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 319th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Randall Lee Bennett, attempted to perfect an appeal from a conviction for sexual abuse of a child. We dismiss the appeal for want of jurisdiction.

The trial court imposed sentence in this matter on May 12, 2014. Appellant filed a notice of appeal on August 21, 2014. On August 21, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date

of receipt of the Court's directive.[1]  Appellant has not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.2(a)(1).  Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court.   TEX. R. APP. P. 26.2(a)(2).   The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due to have been filed on or before June 11, 2014.  *See* TEX. R. APP. P. 26.2(a)(2).   Appellant did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file his notice of appeal until August 21, 2014.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.   *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).   Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address

---

[1] The trial court's certification of the defendant's right to appeal shows that the defendant has waived his right to appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  On August 22, 2014, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of October, 2014.

3